PATRICK MATTHEWS, RESPONDENT, v. JACOB HERDT-FELDER AND ANOTHER, APPELLANTS.

*Practice — new trial granted after the motion therefor has been once denied and judgment has been entered.*

Where a motion for a new trial is made by the plaintiff and denied, but no order is entered thereon, and the defendant enters judgment, and subsequently and at the same term of the court the trial justice grants the motion for a new trial, his order granting the new trial is valid.

Upon the trial of an action the defendant had a verdict which was rendered and recorded February 18, 1890. The plaintiff made a motion for a new trial which, on the same day, was denied. The clerk of the court made an entry upon his minutes to that effect, but no order of the court in the premises was ever signed or filed. Judgment in favor of the defendant was entered by the clerk on February twenty-first. On the twenty-fifth of February the plaintiff asked for a reargument of the motion for a new trial, which request was granted, and on the twenty-seventh of February, and at the same term of the court, a new trial was granted.

*Held*, that, notwithstanding the entry of judgment by the defendant, the trial justice, no order having been entered, had the matter of a new trial still before him, and had the power, in furtherance of justice, to grant the motion.

APPEAL by the defendants, Jacob F. Herdtfelder and Frances P. Specht, from an order entered in the clerk's office of the county of New York on the 25th day of March, 1890, whereby the verdict in this action, rendered February 17, 1890, and all subsequent pro-

ceedings based thereon, were vacated and set aside, and a new trial was granted to the plaintiff.

*Thompson & Koss*, for the appellants.

*G. W. Wilson*, for the respondent.

PATTERSON, J.:

This is an appeal from an order made at circuit, and granting a new trial to the plaintiff, after a verdict in favor of the defendants, and under the following circumstances: When the verdict was rendered and recorded the motion was made for a new trial under section 999 of the Code of Civil Procedure. The minutes made by the clerk state, among other things, "motion for a new trial denied." That was on the 18th of February, 1890. No order of the court was ever signed or filed on this motion. Judgment in favor of the defendants was entered by the clerk, as is usual in common-law cases, on the 21st day of February, 1890. On the twenty-fifth day of that month the plaintiff asked for a reargument of the motion, which was had, and on the twenty-seventh, being at the same term of the court, the motion was granted, and an order duly and formally entered.

There was no such final or absolute disposition of the motion as deprived the judge at circuit of jurisdiction to reconsider his ruling. The term of the court had not expired — no final order had been entered, and he was at liberty, in furtherance of justice, to reconsider a mere formal ruling, and, on being convinced of his error, to put the parties in a situation that justice might be done. The fact that, intermediate the trial and the motion for reargument, judgment had been entered, does not affect the question. In the case of *Voisin v. The Commercial Insurance Company* (56 Hun, 215), we held that an appeal to the General Term from an order granting or refusing a new trial in an action tried before a jury might be taken, notwithstanding judgment had been entered against the appellant, and the time to appeal therefrom had expired; and our views in that case were sustained by the Court of Appeals. (123 N. Y., 120.) Here we have merely a decision announced without an order to make it obligatory or final, and while it was in that condition the judge, convinced that he had committed an error, and while the matter

was still before him, considered it his duty to recall his decision and make an order that would prevent a failure of justice.

Passing from the question of power to make the order granting the new trial, and if we are to consider the grounds upon which it was based, we would find no difficulty in sustaining it. Certain evidence was excluded. It consisted of admissions made by one of the defendants in an action in tort against two alleged joint tort feasors. The defendants were copartners. One of them visited the plaintiff shortly after the occurrence, and made certain statements claimed to be admissions. Assuming they could not, standing alone, bind his co-defendant, the evidence offered was to show that the interview was had at the procurement of that co-defendant, and it was sought not to show facts that would be privileged, for the reason that an offer to compromise cannot be made evidence of liability under the well-settled rule of law; but as the learned judge says: "the plaintiff was prevented by the exclusion of the evidence at the outset from showing anything in reference to the conversations, and the court was not in a position to determine, under the distinctions made (as to privileged statements), whether the testimony was or was not admissible."

Order affirmed, with costs.

Van Brunt, P. J., and Barrett, J., concurred.

Order affirmed, with costs.