COLWELL v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Term. January 14, 1908.)

1. COURTS—MUNICIPAL COURTS — POWERS — REINSTATING VERDICT AND JUDGMENT.

The Municipal Court being of purely statutory creation, every step taken by it must be based upon authority expressly given or clearly to be inferred from the statute; and hence the vacating by a municipal judge of a final order setting aside a verdict and judgment and granting a new trial, and reinstating the verdict and judgment, was error, there being no statutory authority therefor.

**2. SAME.**
    In such a case, whether the opposing party made specific objection was immaterial, as the jurisdiction of the court had been terminated and its powers exhausted when his first order was made, and its right to proceed further in the action can be questioned for the first time on appeal.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles G. Colwell against the New York, New Haven & Hartford Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

William Greenough (C. M. Sheafe, Jr., of counsel), for appellant.
Julian G. Roberts, for respondent.

GILDERSLEEVE, P. J. Upon the 13th day of February, 1907, the plaintiff in this action recovered a judgment against the defendant, entered upon the verdict of a jury. Upon the rendition of the verdict the defendant's counsel made a motion to set aside the verdict and for a new trial, substantially upon all the grounds set forth in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580). The court entertained the motion, gave counsel until February 19th in which to submit briefs, and subsequently made an order setting aside the verdict and the judgment and granted a new trial, upon the ground that evidence had been erroneously excluded upon the trial. This order is not dated; but, as appears from a subsequent order, to which reference is hereafter made, the order setting aside the verdict was made March 21, 1907. Subsequently the plaintiff's attorney, by a notice of motion undated, but returnable on April 9, 1907, made a motion for leave "to reargue the motion made by the defendant's attorney at the close of the trial herein to set aside the verdict of the jury rendered herein on the 13th day of February, 1907, and for an order setting aside the order * * * setting aside said verdict and granting a new trial." This motion was based upon the ground, as stated in the affidavit of said attorney, that "deponent verily believes that the justice's ruling on the trial as to the question of admission of prior similar accidents was correct." The motion for a reargument was granted, and a hearing was set down for May 9, 1907. The reargument was had on May 16, 1907, and on June 3, 1907, the justice made an order vacating the order made (as stated in this order) on March 21, 1907, setting aside the verdict and granting a new trial, and ordering that "the said verdict and the said judgment rendered thereon be and the same is in all things restored." This last-mentioned order was made upon condition that the plaintiff should stipulate that he would accept a notice of appeal from the order and the judgment within 10 days after the entry of the order. The defendant appeals from the judgment thus restored, and in his notice of appeal states that he also appeals from the order last named herein, thus bringing up the same for review upon this appeal.

The judgment as it now stands must be reversed. The Municipal Court has no inherent powers, like those of the Supreme Court. It

is a court of purely statutory creation, and every step it takes must be based upon authority expressly given it, or at least can only have such jurisdiction as can clearly and plainly be seen from a reading of the statute that the Legislature intended to confer. By section 254 of the Municipal Court act the trial judge has power to set aside the verdict of a jury and to vacate a judgment upon any of the grounds therein set forth; and by section 257 his act in so doing can be reviewed upon appeal. Once that authority has been properly invoked and exercised, his powers are exhausted. He is functus officio; and nowhere in the Municipal Court act do we find the court given any power to reinstate a verdict or restore a judgment after the verdict has been set aside and the judgment vacated. The wisdom of this is manifest. The court in the case at bar, in the first instance, concluded that it had committed error in excluding certain testimony offered by the defendant, and properly and legally entertained a motion to set aside the verdict and judgment, and granted the same. Subsequently the plaintiff, under the guise of a motion for a reargument, convinced the court that the exclusion of the evidence referred to was proper, and the verdict and judgment was reinstated. If the court could thus reverse itself once, it would have an equal right to change its decision as often as it became convinced that its prior conclusion was erroneous, and when, then, would the litigation be finally terminated?

The statute neither gives, nor did the Legislature contemplate the granting of, any such power to the Municipal Court. It is immaterial whether specific objection to the action of the court in reinstating the verdict and judgment was made by the opposing party at the time of the hearing of the reargument or not, as the jurisdiction of the court over the subject-matter of the action had been fully terminated, and its powers exhausted, when it decided the motion made by virtue of section 254, supra, and its right to proceed further in the action can be questioned for the first time on appeal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.