### ROBERTS v. SPERO.

#### (Supreme Court, Appellate Term. February 5, 1909.)

**1. Courts (§ 189*)—Municipal Courts—Judgment on Pleading.**
    A Municipal Court justice has no authority to grant a motion for judgment on the pleadings, the Municipal Court act (Laws 1902, p. 1486, c. 580) nowhere in terms providing for such a determination of an action, and any authority therefor in Code Civ. Proc. cc. 6, 10, being limited by section 3347, subds. 4, 7, to other courts.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

**2. Courts (§ 189*)—Municipal Courts—Allowing Amendment of Answer.**
    While the Municipal Court has no authority to grant a motion for judgment on the pleadings, yet such a motion by plaintiff, ostensibly on the ground that the answer sets up no defense, may be treated as an oral demurrer; but, the answer being insufficient, defendant should be permitted to amend, and entry of judgment without such permission is unauthorized.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

**3. Courts (§ 189*)—Municipal Courts—Vacating Judgment.**
    The Municipal Court cannot vacate and set aside a judgment solely to permit filing of an amended answer.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William C. Roberts against Frank M. Spero. From a judgment for plaintiff, and from an order denying a motion to vacate the judgment, defendant appeals. Reversed with leave to file answer.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Walter E. Godfrey, for appellant.
Baggott & Ryall, for respondent.

GILDERSLEEVE, P. J. The action was for goods sold and delivered. The plaintiff served and filed a verified complaint, and upon the return day the defendant asked for and obtained an adjournment for the purpose of filing an answer. The case was adjourned until October 5th for trial, and the defendant was ordered to file his answer on or before October 1st, which he did. On the day fixed for trial both parties answered ready. The plaintiff thereupon moved for judgment upon the pleadings. The trial judge thereupon took the matter under consideration, and some days later gave judgment in favor of the plaintiff. Subsequently the defendant moved to vacate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the judgment and that defendant have leave to serve an amended answer. This motion was granted upon condition that the defendant should on or before October 13th pay the sum of $10 costs, and pay the amount of the judgment into court. Upon compliance with said conditions, the case was to be set down for trial on October 15th, and, upon failure to comply therewith, the motion should be denied. Not having complied with the terms of the order on October 15th, an order was entered denying the motion, and, from the judgment and the last order, defendant appeals.

There seems to be no authority directly given to a Municipal Court justice to order a judgment in favor of either party upon the pleadings. In the Supreme Court the right to dispose of the issues by a motion for a judgment upon the pleadings has been recognized, and by amendment (Laws 1908, p. 462, c. 166) to section 547 of the Code of Civil Procedure, in effect September 1, 1908, the right to make such a motion at any time after issue joined is declared. Theretofore such motions were usually made in that court at the opening of the trial. Neither chapter 6 of the Code which contains the aforesaid section, or chapter 10 of the Code, which provides how issues of law and of fact shall be tried, are applicable to the Municipal Court, being expressly excluded by section 3347, subds. 4, 7. The Municipal Court act (Laws 1902, p. 1486, c. 580) nowhere in terms provides for such a determination of an action, and when a Municipal Court justice makes an order not provided for by statute or for which there is no statutory authority, such order is of no more force than if made by a private person. We have held that, although there is no power given by the Municipal Court act, in terms, to dismiss a plaintiff's complaint on the ground that it does not state a cause of action unless a written demurrer has been interposed, nevertheless a motion made for such purpose may be considered as an oral demurrer, but, if granted, however, the plaintiff must be allowed to amend (Rogers v. Fine, 49 Misc. Rep. 633, 97 N. Y. Supp. 1004), and there seems to be no good reason why this rule should not be applied to cases where the plaintiff makes a motion for judgment on the pleadings, ostensibly upon the ground that the answer sets up no defense. This is the view most favorable to the plaintiff, and it would seem idle to require the plaintiff to file a demurrer, when the answer concededly set up no defense. In such a case, however, the court should permit the defendant to amend, and an entry of judgment without the granting of such permission is unauthorized. The defendant was not in default, and has a right to appeal from the judgment. It is unnecessary to consider the order, except to say that there is no power given to the Municipal Court to vacate and set aside a judgment solely for the purpose of permitting an amended answer to be filed.

Judgment reversed without costs in this court, with leave to the defendant to file an answer within five days, upon payment of $10 costs in the lower court. All concur.