(86 Misc. Rep. 42)

CONOLLY et al. v. JOLLY et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

COURTS (§ 189*)—MUNICIPAL COURT—SETTING ASIDE JUDGMENT—MOTION.

Under Municipal Court Act (Laws 1902, c. 580) § 254, providing that a motion to set aside a verdict as contrary to the evidence or the law may be made at the close of the trial or within five days from judgment thereon upon notice, there is no authority for a second motion or an order thereon after one motion to set aside the verdict has been made and decided.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary A. Conolly and others, as executors of Catherine Conolly, deceased, against Leon C. Jolly and others, doing business under the name of C. Jolly & Son. From an order setting aside a verdict in her favor, defendant Thulstrup appeals. Reversed, and verdict and judgment reinstated.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Leo Fassler, of New York City, for appellant.
Churchill & Marlow, of New York City, for respondents.

BIJUR, J. The verdict was set aside, apparently as against the weight of evidence. While in this respect we would naturally hesitate to disturb the view of the trial judge, nevertheless it must be said that the record does not disclose any salient reason for setting aside the conclusion arrived at by the jury.

The order must, however, be reversed for a different reason. The record shows that, after the jury had rendered its verdict, defendant made the usual motion to set it aside, and the court said:

"I will not at this time disturb the verdict. Motion denied for the present."

---

Subsequently, on affidavits, a new motion to the same effect was made by the plaintiff, and the order appealed from was made upon that motion. I can find no authority for a second motion under section 254 of the Municipal Court Act, after one motion to set aside the verdict has been made and decided. On the contrary, the very plain intimation of the cases in which this point or analogous ones have been considered is to the contrary. See, for example, Stodder v. N. E. N. Co., 134 App. Div. 221, 118 N. Y. Supp. 844; Colwell v. N. Y. R. R. Co., 57 Misc. Rep. 623, 108 N. Y. Supp. 540; Steinman v. Blumenfeld, 61 Misc. Rep. 220, 113 N. Y. Supp. 550.

Order reversed, and verdict and judgment reinstated, with costs of the appeal to appellant. All concur.