W. SCOTT GILLESPIE, as Assignee for the Benefit of Creditors of JOHN D. KLINE, Respondent, *v.* CHARLES H. VAN BUREN and Another, Copartners Doing Business under the Firm Name and Style of C. H. VAN BUREN & COMPANY, Appellants.

Third Department, March 5, 1924.

Assignment for benefit of creditors — action by assignee for accounting by brokers who dealt with assignor — all dealings between brokers and assignor were for assignor's clients — assignee not entitled to accounting.

An action by the assignee for the benefit of creditors for an accounting by stock-brokers with whom the assignor had dealings cannot be maintained, where it appears that all the dealings between the assignor and the brokers were for the benefit of the assignor's clients and that all moneys and securities received by the brokers from the assignor were the moneys and securities of the assignor's clients, and where it is not shown that the assignor had any beneficial interest in the credit balance in the hands of the brokers or in the account kept in the assignor's name by them, or that he made any purchase of securities or other property through them on his own behalf.

APPEAL by the defendants, Charles H. Van Buren and another, as copartners, etc., from so much of an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 3d day of December, 1923, as denies the defendants' motion to dismiss the complaint on the ground that it does not state a cause of action.

The complaint is as follows:

" Plaintiff complains of the defendants and alleges:

" *First.* That the plaintiff is now acting as general assignee for the benefit of creditors of John D. Kline.

" *Second.* Plaintiff further alleges upon information and belief that defendants now are and at all times hereinafter mentioned were copartners doing business as stock brokers and engaged in the buying and selling of bonds, stocks, grain, upon margin and

otherwise, and having their principal office and place of business in the City of New York, under the firm name and style of C. H. Van Buren & Company; and that during the times hereinafter mentioned there was a stock broker's office in the city of Kingston, New York, connected by telegraph wire with the defendants' office in New York city; that one John D. Kline at such times was in charge of such office and received orders from customers for the purchase and sale of grain and securities; that such orders were telegraphed to the defendants over the wire connecting the Kingston office with the defendants' New York office, for execution; that the defendants received said orders and executed the same; that the said John D. Kline was a correspondent of the defendants for the purpose of receiving orders and transmitting them to the defendants' New York office.

"*Third.* That the said John D. Kline carried on business for the customers of the said Kingston office, in his, Kline's name, and that the defendants carried as [all] business received through said office in an account with the said John D. Kline, charging him with all disbursements and crediting him with receipts; that the said defendants received from said Kline cash and collateral to secure the account so carried in the name of said Kline; that from time to time said defendants as brokers purchased securities under orders received from said Kline's office charging said Kline with the funds advanced for the purchase of such securities and that from time to time the defendants received from the said Kline's office payments upon said account, which said sums the defendants credited to said Kline; that from time to time the defendants received collateral as security for purchases so made, and that such collateral was carried by the defendants to secure the said Kline account, defendants carried upon margin securities purchased under orders received through said Kline and charged said Kline's account with the amount required to carry such securities on margin. That said John D. Kline from time to time received currency, checks and securities from divers persons through the said Kline's Kingston office for the purchase of stocks, bonds, grains and other securities for divers persons employing him as broker for such purpose; that said payments in currency, checks and securities were transmitted by said John D. Kline to the defendants in New York, together with the orders received by said Kline for execution, said orders were executed by the defendants and the charges for services and advances for the purchase of securities were charged to the said John D. Kline's account and the payments of currency, checks and collateral in the way of stocks and bonds were credited to the said John D. Kline's account. That there has never been an accounting

between the said John D. Kline nor any representative of the said John D. Kline with the defendants; that on or about June 1, 1917, the defendants had in their possession and were carrying on margin and as collateral to secure said John D. Kline's account various securities consisting of stocks and bonds; that thereafter the defendants sold said securities and credited the proceeds thereof to the said account; that the plaintiff as general assignee of the said John D. Kline desires an accounting of the defendants of their dealings as brokers as aforesaid, that there is a balance upon said John D. Kline's account of ten thousand dollars and upwards over and above a sum sufficient to pay the defendants for their charges and advances made upon orders received from said John D. Kline. That before the commencement of this action James Jenkins, the predecessor in title of plaintiff, demanded of the defendants that they render their account to him and pay the amount found due and defendants refused to render such account and to pay any amount to said James Jenkins; that thereafter the plaintiff demanded of the defendants that they render their account to him and pay the amount found due and defendants refused to render such account.

" *Wherefore,* the plaintiff demands judgment that the defendants account to him and show the charges, credits and balance on the account carried by the defendants in the name of John D. Kline and that judgment be awarded to this plaintiff directing the defendants to pay to him any balance properly due to him from the defendants by reason of such account with costs of this action, together with any and further judgment as to the Court may seem just."

*A. T. Clearwater,* for the appellants.

*James Jenkins,* for the respondent.

VAN KIRK, J.:

The motion to dismiss the complaint should have been granted.

The relation between the clients of the Kingston office and Kline was that of principal and agent, not debtor and creditor. The funds and securities placed in Kline's hands by these clients were still the property of these clients. They never belonged to Kline; they were in the nature of trust funds in his hands. When they went into defendants' hands, they remained the property of the clients. When they had been sold, the balance of the proceeds, above the amount for which they were pledged, remained the property of these clients. No title or interest in these funds ever passed to the plaintiff, the general assignee of Kline. The general assignee can take no other or greater interest in, or title to, the funds in question than rested in Kline. (*Dickinson* v. *First National*

*Bank,* 64 App. Div. 254; *Willard* v. *White,* 56 Hun, 581.)   There is no allegation in the complaint, direct or by inference, that Kline had any beneficial interest in the credit balance in the hands of the defendants, or in the account kept in his name; or that he made any purchases of securities or other property through defendants on his own behalf, all his transactions being on behalf of clients of the Kingston office and all moneys and securities transmitted by Kline to the defendants being the property of said clients.

A party who has no interest in the subject-matter to be accounted for cannot maintain an action for an accounting.   The ultimate purpose of an accounting is to recover something.   Unless it shall appear that Kline, during the time stated in the complaint, gave some orders on his own account and transmitted some of his own funds or securities to defendants, we think a cause of action will not be stated.   It is also to be noted that the clients who are entitled to the credit balance in defendants' hands are not made parties.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with the privilege to the plaintiff, upon payment of the costs, to plead over and, if so advised, to serve an amended summons and complaint within twenty days after notice of the entry of the order herein.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with the privilege to the plaintiff, upon payment of the costs, to plead over and, if so advised, to serve an amended summons and complaint within twenty days after notice of entry of the order herein.