EDWARD A. GRADY, Respondent, *v.* SELDEN TRUCK CORPORATION, Appellant.

Supreme Court, Appellate Term, Second Department, November 2, 1928.

*Paul T. Davis*, for the appellant.

*Leonard H. Buxbaum*, for the respondent.

MacCrate, J. Appellant moved to transfer the trial of this action from the Municipal Court, Second District, Borough of Brooklyn, to the First District, Borough of Manhattan, on the ground that neither party resided, nor had a place of business, within the former district. That motion was denied. The defendant, at the opening of the trial, again urged that the case had not been brought in the proper district, and also asked an adjournment because of the absence from the State of a material witness. The trial court refused an adjournment and, on plaintiff's evidence, alone, found for the plaintiff. Appellant appeals from the order of denial as well as the judgment entered after trial.

Plaintiff did not reside, nor did defendant have a place of business, in the district in which the action was brought. Section 17 of the Municipal Court Code was amended by chapter 614 of the Laws of 1928 (in effect March 1, 1928) prior to the commencement of the action. The amendment, however, left unchanged this language: " An action must be brought in a district in which either the plaintiff or defendant or one of the plaintiffs or one of the defendants resides." There was added a clause which permits the beginning of an action in a district in which either party " has a place for the regular transaction of business." Subdivision 2 of section 17 reads: " If the action is brought in the

wrong borough, the court may of its own motion and must on the motion of a party defendant transfer the action to the proper borough, and may thereupon in its discretion impose five dollars costs against the plaintiff." Formerly, subdivision 2 provided: " If the action is brought in the wrong district, it may nevertheless remain there unless the defendant demands that it be transferred," and added when and in what manner the demand for a transfer should be made and ordered.

In the section as it stands there is no equivalent for the former subdivision 2. From this, respondent argues that, where an action is brought in the wrong district, but in the borough of the proper district, the defendant cannot, on motion, have the action transferred. Section 7 of the Municipal Court Code has been almost wholly recast, so as to grant wide power to transfer cases within each borough to the president justice. Nevertheless, in the absence of an emergency, the president justice has no power to transfer certain cases where a jury trial has not been demanded. (Mun. Ct. Code, § 7, subd. 5, as amd. by Laws of 1928, chap. 614.) With the exception of the cases provided for by paragraph (a) of subdivision 5, the cases enumerated in that subdivision relate to summary proceedings, or actions for rent or use and occupation, which, by section 17, subdivision 1, must be brought in the district in which the premises are located. It is also provided by subdivision 3 of section 7 that there must be at least one part designated in each district by the president justice for the conduct of the court's business.

While subdivision 2 of section 17 provides for the transfer of cases brought in the wrong borough, that section does not declare there is no power in the court to transfer a case brought in the wrong district. It will be observed that by section 17, subdivision 5, as well as by section 7, subdivision 3, the power of the president justice to transfer cases from one district to another district in the same borough, is limited to special classes or where the transfer is to " facilitate the transaction of the business of the court." Clearly, no power is granted by either of these sections to the president justice, as such, to transfer an action from one district to another district in the same borough or in another borough, because the action was not begun in the district specified by the first subdivision of section 17. Under subdivision 3 of section 17, actions for fines and penalties must be brought in the borough where the violation arose. Subdivision 2 of section 17 would control an action improperly brought under subdivision 3, and prescribes the method of obtaining a transfer of an action brought

by an assignee. Section 15 of the Municipal Court Code, however, provides that the rules and practice in the Supreme Court shall apply to actions in the Municipal Court, as nearly as may be in the absence of contrary provisions. Section 187 of the Civil Practice Act and rule 146 of the Rules of Civil Practice provide the method for obtaining a change of venue in the Supreme Court. In the absence of provision in subdivision 2 of section 17 governing the transfer of actions brought in improper districts, the Supreme Court practice is applicable.

The Legislature has directed in what districts actions must be brought, and has prohibited the transfer by the president justice of some actions from such districts, except in emergencies. By the 1st clause of section 17 as well as by the limitations placed by section 7, subdivision 5, on the power of the president justice to transfer cases, and the requirement that at least one part for trials shall be designated in each district, the legislative intent to preserve to districts their courts is manifested. Nevertheless, respondent argues a litigant can, in effect, make the transfer to any district he desires, simply by bringing the action in the wrong district. That is, a litigant may, for instance, begin a summary proceeding in a court at one end of a borough, where the property is at the other end of that borough, even though the president justice, in the absence of a demand for a jury, could not make a transfer. Certainly it was not intended to leave a court of record without power to compel litigants to conform to a statute governing the process of such court. All the provisions of section 7 conferring power on the president justice, assume that the actions that may be transferred from district to district, or to a central jury part, are originally begun in the proper district. Therefore, no impediment to the purposes of section 7 will arise from holding the court has power to transfer cases to the proper district.

The motion to transfer the case to the First District, Manhattan, should have been granted. Judgment and order reversed, with ten dollars costs to appellant, and motion to transfer granted, with five dollars costs.

CROPSEY and LEWIS, JJ., concur.