PRUDENTIAL PAPER Co., INC., Respondent, *v.* ASHLAND PRESS, INC., Appellant.

First Department, February 13, 1931.

*Leo Guzik* of counsel [*Horace London* with him on the brief, attorney], for the appellant.

*Isidore A. Blanch*, for the respondent.

SHERMAN, J.   Plaintiff sued in the Municipal Court of the City of New York, and recovered a verdict for damages for conversion. On November 18, 1929, upon the rendition of the jury's verdict, defendant moved to set it aside, which motion was denied.   No formal order was entered, and on November 21, 1929, judgment was entered thereon in favor of plaintiff and against defendant. On November 29, 1929, defendant moved for a reargument of the motion to set aside the jury's verdict, on the ground that the verdict was against the weight of the evidence.   That motion was resisted by plaintiff, which filed argumentative affidavits in opposition; it did not, however, then raise any objection to the power of the court to entertain the application.

The court granted the motion for a reargument, set aside the jury's verdict, vacated the judgment and granted a new trial. Plaintiff appealed from that order to the Appellate Term, which reversed the order and reinstated the judgment solely upon the ground that the trial court was without power to reconsider and change its decision on the motion for a new trial.   This appeal is taken from that order of the Appellate Term.

The evidence before the jury to a considerable extent favored defendant's contention and we are not prepared to hold that the trial court improperly exercised its discretion in setting the verdict aside and granting a new trial.

The sole question, therefore, is whether the trial justice had the power to grant the rehearing and to make the order appealed from.

Section 6 of the New York City Municipal Court Code provides: " The Municipal Court of the City of New York shall have jurisdiction:   *   *   *

" 7. To open a default; to direct or set aside a verdict; to vacate, amend, correct or modify any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance; to grant a new trial upon any of the grounds for which a new trial may be granted by the Supreme Court in an action pending therein, including the grounds of fraud and newly discovered evidence."

Section 129 of the New York City Municipal Court Code relates to " vacating and amending judgments and orders; opening defaults

and granting new trials," and subdivision 3 thereof states: " A motion to set aside the verdict of a jury and to vacate, amend or modify a judgment rendered upon a trial by the court with or without a jury, and for a new trial, must be made at the close of the trial or within twenty days after the entry of the judgment."

Section 15 of that act seeks to conform the practice to that followed in the Supreme Court by providing: " Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

The Municipal Court Code was enacted as chapter 279 of the Laws of 1915. By chapter 619 of the Laws of 1925 the Judiciary Law was amended so that the Municipal Court became a court of record.

Prior limitations upon the power of the judges and the jurisdiction of the court were changed, and the earlier practice obtaining in that court yielded to the new legislation. Before that [time it had been held that a justice of that court had no power to grant a motion for judgment on the pleadings (*Roberts* v. *Spero*, 62 Misc. 261), or to amend a judgment (*Machimowitz* v. *Fine*, 119 N. Y. Supp. 666), or to restore a verdict previously set aside (*Colwell* v. *New York, N. H. & H. R. R. Co.*, 57 Misc. 623), or to grant a motion to set aside a verdict after such a motion had been denied (*Conolly* v. *Jolly*, 86 id. 42).

The Municipal Court has been held to have power to entertain a motion for summary judgment (*Ritz Carlton R. & H. Co.* v. *Ditmars*, 203 App. Div. 748); for judgment on the pleadings (*Maune* v. *Unity Press*, 139 id. 740); for change of venue (*Grady* v. *Selden Truck Corp.*, 133 Misc. 97) for which there is no explicit provision in the Municipal Court Code.

These and like conclusions have been reached in the effort to conform its practice and procedure to that of the Supreme Court under the broad provisions of section 15 of the Municipal Court Code. No good reason exists why the procedure should not reasonably so conform. Litigants there are entitled to the same rights and consideration as they would receive in the Supreme Court. The proper administration of justice requires that error which might be promptly corrected should not be perpetuated for lack of power to rehear when the application is timely.

The learned Appellate Term erroneously relied upon the decision

in *Guinta* v. *Yoost Photo Play Theatre Co.* (126 Misc. 375). That opinion held that the trial justice in having once heard and determined the motion for a new trial, exhausted his power to reconsider it. It was based upon the decision of the Appellate Term in *Colwell* v. *New York, N. H. & H. R. R. Co.* (57 Misc. 623) where it was declared that under section 254 of the old Municipal Court Act of the City of New York (chapter 580 of the Laws of 1902 which was then [1908] in force), the trial justice having set aside a verdict and vacated the judgment entered upon it had no power several months later to entertain and grant a motion for a reargument and to restore the verdict and the judgment entered thereon, because, under section 254 of that act, he was *functus officio,* inasmuch as nowhere in that act could justification be found for such procedure. This view led to a like decision in *Conolly* v. *Jolly* (86 Misc. 42 [1914]), which also arose under the same act.

Respondent contends that this lack of power still exists, notwithstanding the later legislation, and that the denial by the trial justice of the motion to set aside the verdict at the close of the trial exhausted his authority to deal with the verdict, and that, even if he felt that he had made a mistake, he was powerless to entertain an application to correct it.

We think that the above quoted sections of the New York City Municipal Court Code evince the legislative intention that a justice of that court shall have the same reasonable power in that regard as resides in the Supreme Court. There is no express prohibition in the statute against its exercise. Section 129, subdivision 3, states that the motion to set aside the verdict must be made at the close of trial or within twenty days after the entry of judgment. This does not prohibit a reconsideration of such a motion within that period of time. The practice in the Supreme Court requires such a motion to be made at the same term of court as that at which the verdict was rendered. A justice of that court can reconsider and change his ruling at the same term (*Matthews* v. *Herdtfelder,* 60 Hun, 521). As stated in that case (p. 522): " The term of the court had not expired — no final order had been entered, and he was at liberty, in furtherance of justice, to reconsider a mere formal ruling, and, on being convinced of his error, to put the parties in a situation that justice might be done. The fact that, intermediate the trial and the motion for reargument, judgment had been entered, does not affect the question."

We have concluded that in the Municipal Court of the City of New York such a motion to disturb a jury's verdict based solely on the minutes of the trial, or for the renewal or reargument thereof, can be made not later than twenty days after the entry of judgment.

The determination of the Appellate Term should be reversed, and the order of the Municipal Court should be affirmed, with costs to appellant in this court and in the Appellate Term.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Determination reversed and order of the Municipal Court affirmed, with costs to the appellant in this court and in the Appellate Term.