DEMAREST J. HAHN, as Permanent Receiver of LIBERTY BUILDING AND MORTGAGE CORPORATION, Respondent, *v.* SOLOMON COLTOFF, Appellant, and DAVID VECKER, Defendant.

Supreme Court, Appellate Term, First Department, July 14, 1931.

*Betty H. Kaye*, for the appellant.

*Irving Fellerman*, for the respondent.

PER CURIAM. The plaintiff, receiver of the Liberty Building and Mortgage Corporation, instituted this action on a promissory note executed by the defendants. A motion for a preference under subdivision 7 of section 138 of the Civil Practice Act, made by the receiver, was granted. The defendant Coltoff, appealing from this order, contends that the plaintiff is not entitled to a preference because the action is not one of those specified in rule 8 of the Calendar Practice Rules of the Municipal Court, effective March 1, 1930, which provides: " Actions for wages and actions in which the amount claimed does not exceed $50 shall be entitled to a preference provided the notice of trial shall claim the preference."

By section 15 of the Municipal Court Code it is provided:

" Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

In the absence of a rule of the Municipal Court concerning preference, the provisions of section 138 of the Civil Practice Act would be applicable to the Municipal Court in consequence of section 15 of the Municipal Court Code and section 1 of the Civil Practice Act. (*Ritz Carlton Restaurant & Hotel Co.* v. *Ditmars,* 203 App. Div. 748; *Prudential Paper Co., Inc.,* v. *Ashland Press, Inc.,* 231 id. 515.) The appellant insists, however, that rule 8 makes provision for preferences in the Municipal Court and that, therefore, section 138 of the Civil Practice Act does not apply.

This argument fails to recognize that rule 8 is not exclusive. If it had been intended to make it so, it would surely have provided that preference should be allowed in the class of actions therein specified and in no others. The effect of rule 8 is, therefore, merely to add another preference not provided for by section 138 of the Civil Practice Act. It is not necessary to decide now whether section 138 of the Civil Practice Act could be limited by a rule of the Municipal Court adopted under the authority of the Municipal Court Code, for this has not been attempted to be done here.

Although the plaintiff could have secured a preference under subdivision 7 of section 138, the motion should have been denied because the plaintiff had failed to comply with section 141 of the Civil Practice Act. Neither with his notice of trial, nor at any time before the date for which the case was noticed for trial, did he serve notice that application for a preference would be made as required by section 141. Even so, if the action were pending in the Supreme Court, the plaintiff might have secured a preference under the following provisions of rule 5 of the New York County Supreme Court Trial Term Rules: " The justice holding Part II may, on application of any party to a cause brought by or against a receiver of a corporation, and on five days' notice to the other party, direct that such cause be granted a preference over older issues and placed on the Reserve Calendar for a day certain, although no notice of application for a preference may have been served with the notice of trial, as provided in section 141 of the Civil Practice Act."

But the rules of the Supreme Court concerning preferences, unlike sections 138 and 141 of the Civil Practice Act, are not applicable to the Municipal Court. They are not general in their

application. They were adopted to regulate procedure in the Supreme Court, New York county, and not for any other court or for the Supreme Court in any other county; they are no more applicable to the Municipal Court than they are to the City Court, although section 65 of the City Court Act; except as otherwise specially provided therein, conforms the City Court practice, as nearly as may be, to that of the Supreme Court.

While in this particular case the order preferring the cause for trial could well be sustained if the plaintiff had complied with the provisions of section 141 of the Civil Practice Act so far as applicable to the Municipal Court, we deem it advisable in this connection to restate the rule that causes should be tried in their regular order and a special preference based upon special facts should not be granted unless most extraordinary circumstances appear in the moving papers as grounds for such preference. (*Goldin* v. *Malone Dairy Co., Inc.*, 209 App. Div. 341.)

Order reversed, with ten dollars costs, and motion denied.

All concur· present, LEVY, CALLAHAN and UNTERMYER, JJ.