SHERMAN SYLVESTER SCHEUER BUILDING CORPORATION, Plaintiff, *v.* SAMUEL KRULL, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District, December 17, 1931.

*Nathan Hendon,* for the plaintiff.

*Joseph Kopelman,* for the defendant.

SWEEDLER, J.   The action herein is brought to recover rent due under a written lease.   The defendant demanded a jury trial.

On a motion for summary judgment, the defendant having defaulted, the latter sought to open his default and argue the motion for summary judgment.   On such argument, plaintiff stipulated to a withdrawal of the motion for summary judgment, if an immediate trial be had.   Defendant consented, and the cause was set down for trial on November 23, 1931, a date agreeable to both parties.   An order embodying these terms was duly entered.

On November 23, 1931, the defendant procured an order to show cause staying the trial of the action and asking for leave to reargue that portion of the order, hereinabove set forth, granting the preference for November 23, 1931.   The defendant contended that inasmuch as no notice of trial had been served, the cause was not properly on the calendar of the court, and a preference, therefore, was improper.   The court, on the hearing of the motion, sustained the defendant's contention, but indicated its intention to grant a preference should a notice of trial be filed and a motion for a preference in this action be made.   This motion is now before the court.   The defendant strenuously objects to the granting of this motion and sets forth that to grant the preference herein is unwarranted, either under the provisions of the Civil Practice Act or the New York City Municipal Court Code or the Rules of Practice of the New York City Municipal Court.

It is the opinion of this court that the matter of granting preferences is solely within the discretion of the court, except in so far as it may be limited by existing rules of practice and procedure. The practice in the Municipal Courts, as a rule, conforms to that in the Supreme Court.   Such is the intention of section 15 of the New York City Municipal Court Code and it has been so construed. (*Grady* v. *Selden Truck Corp.*, 133 Misc. 97; *Weinberg Dress Co.* v. *Goldsticker*, 126 id. 685.)   Nevertheless, the proviso contained in that section serves to limit the same.   Rules 3, 4 and 5 of the Calendar Rules of the New York City Municipal Court set forth the basis upon which a daily trial calendar is made up. Rule 4 provides for the order in which causes shall appear on the trial calendar.   This rule, however, must be construed to mean the daily trial calendar.

The matter of preference is nowhere treated in the rules, except in actions where the sum involved is less than fifty dollars, as provided for in rule 8 of calendar rules.   It is obvious, therefore, that, with the exception of this last-mentioned rule, there is no specific provision in the New York City Municipal Court Code affecting the court's discretion in granting preferences.

The attention of the court is called to the case of *Hahn* v. *Coltoff* (140 Misc. 805), wherein section 141 of the Civil Practice Act was construed and held to be applicable to the procedure in the Municipal Courts, and which opinion is controlling in the decision of the instant motion, and is authority for the denial thereof. That case, decided in the First Department, held that rule 8 of the calendar rules of the New York City Municipal Court is not conclusive upon the court in considering preferences; that section 141 of the Civil Practice Act must be complied with. It reversed the order of the lower court granting a preference for plaintiff's non-compliance with section 141 of the Civil Practice Act and reasserted its disapproval of the practice of having cases tried other than in their regular order. (*Hahn* v. *Coltoff, supra,* at p. 807.)

The motion herein is addressed to the discretion of the court and undoubtedly comes within the purview of subdivision 20 of section 138 of the Civil Practice Act. In so far as such compliance is applicable to this court, section 141 of the Civil Practice Act has been substantially complied with. In fact, a previous application for a preference was denied when it appeared that the cause was not properly on the trial calendar. The objections existing in the *Hahn Case* (*supra*) are not present herein. Counsel raises the technical objection that the application must be made at opening of court. This is far-fetched and inapplicable.

Unless defendant will sustain injury by reason of granting a preference, there can be no valid objection thereto. It is reasonable to assume that defendant, as well as plaintiff, desires a speedy determination of the action. In this department the attitude of our appellate courts is not that of the First Department. The court's exercise of discretion is a matter which each department controls. (*Middleton* v. *Boardman,* 210 App. Div. 467; 240 N. Y. 552.) The Appellate Division in *Byk* v. *Enright* (208 App. Div. 242) held that the question of granting preference is one of discretion resting with the trial court and would not be interfered with. In *Settlow* v. *Goldstein* (unreported, Second Dept. Jan. 1931)·the Appellate Term stated that calendar rules 4, 7 and 8 of the court are not conclusive upon the court's discretion in considering preferences; that the New York City Municipal Court possesses inherent reserve power to grant preferences.

This court is moved to grant the preference herein. The action is one for rent due under the terms of a written lease. The defense is payment. A jury trial is demanded by the defendant. In the ordinary course of events, the cause would not be reached for several years. The jury calendar of this particular court is three years in arrears. There are no special circumstances shown which would

result in hardship upon defendant by reason of an early trial. This court believes that the demand by defendants for jury trials is abused in the majority of cases. The practice, whenever possible, must be discouraged.

Motion for preference granted with ten dollars costs. Trial is set for January 11, 1932.

Leave to appeal is denied. To allow such would be to defeat the very purpose of the relief granted. Settle order on notice.