SADIE MILLHAUSER, Landlord, *v.* SARAH SCHWACH, Tenant.

Municipal Court of New York, Borough of Queens, Fifth District, August 16, 1934.

*Asher Zeide,* for the landlord.

*Sidney Schwach [Abner Pike* of counsel], for the tenant.

Keith, J. This summary proceeding was commenced by the landlord in the Municipal Court of the City of New York, Borough of Queens, Fifth District. Issue was duly joined and a trial by jury was demanded.

Notwithstanding the proceeding was instituted in the Fifth District, Municipal Court, Borough of Queens, it appeared on the calendar before me in part 2 of the Fourth District Court, Borough of Queens, on the 3d day of August, 1934. It was placed upon

said calendar by reason of the following order which had heretofore been made by Mr. Justice BISSELL, President-Justice of the Municipal Court of the City of New York:

"MUNICIPAL COURT OF THE CITY OF NEW YORK
"Borough of Queens

"Pursuant to section 7, subdivision 3, of the Municipal Court Code and to effect the prompt and efficient administration of justice, and to otherwise facilitate the transaction of the business of the court, all jury cases now pending in the Fifth District Municipal Court of Queens have been transferred to the Fourth District Municipal Court of Queens for trial, and the clerk of the Fifth District, Municipal Court of Queens has been directed to transfer all jury cases accordingly. The clerk has been directed to continue to transfer jury cases accordingly until further notice.

"The justice assigned to sit in jury weeks in the Fifth District, Municipal Court of Queens will sit in the Fourth District of Queens during such weeks so that no delay will result in the action transferred."

The attorney for the tenant immediately moved before me to transfer the case back to the Fifth District, Municipal Court of the Borough of Queens for trial, and based his application upon the ground that the order made by Mr. President-Justice BISSELL was a nullity, void and beyond the powers and jurisdiction of the President-Justice. Decision was reserved upon this motion and further argument had before me in the First District Court, Borough of Queens, on August eighth.

The objection to the order made by the President-Justice is based upon the following grounds:

1. That the President-Justice was without power to make the said order transferring all jury cases, including the instant case, from the Municipal Court Fifth District, Queens, to the Municipal Court Fourth District, Queens.

2. That said order contains within itself an important and material direction in contravention of the provisions of section 7, subdivision 3, of the Municipal Court Code, under the provisions of which said order obtains its purported effect, and entirely vitiates the legality of said order.

3. That said order is oppressive, arbitrary and unreasonable.

4. That this being a summary proceeding, the trial thereof must be had in the Municipal Court, Fifth District, Queens, wherein the property is situated.

5. That the statute under which the transfer is alleged to have been made by the President-Justice is unconstitutional.

It will be noted that whereas the order of the President-Justice states that he transfers all jury cases now pending from the Fifth District, Municipal Court of Queens to the Fourth District, Municipal Court of Queens — " to effect the prompt and efficient administration of justice and to otherwise facilitate the transaction of the business of the court " that the statute under which the transfer is made only empowers the President-Justice " in order to facilitate the transaction of the business of the court, to transfer cases from one district to another in the same borough." (*Grady* v. *Selden Truck Corporation*, 133 Misc. 97.)

The learned counsel for the tenant strongly urges that inasmuch as the power of the President-Justice is limited to the transfer of cases from one district to another in the same borough where the transfer is made " to facilitate the transaction of the business of the court " that he has no right to transfer any cases except for the purpose of relieving congestion in a particular court where the calendar has become overcrowded, and to insure speedy trials thereof by transferring the cases from such court to another district where early trials may be had.

This was at first my impression of the intent of the statute, but more deliberate consideration has convinced me that the reasoning is fallacious. It is my opinion that all acts of the Legislature conferring additional power upon the courts and the justices thereof should be liberally rather than strictly construed. It is to be assumed that the members of the Legislature, being elected by the people at comparatively short intervals of time, are in close touch with and cognizant of the thoughts of the people. Certain it is that in recent years, as evidenced both by articles in the public press and otherwise, the sense of the public seems to be that it is time for the courts, the judges thereof and the members of the Bar, to take steps to not only speed up the trial of cases and clear the court calendars, but also to see that justice be more efficiently administered. Is it not reasonable to suppose that the Legislature in conferring these powers upon the President-Justice under section 7, subdivision 3, of this act intended to empower him so to act as to render more efficient the administration of justice rather than to limit his powers to the regulation of the calendars of the different courts? The language of the statute itself is not inconsistent with this thought. The statute reads that the President-Justice shall have power to transfer cases from one district to another " to facilitate the transaction of the business of the court." What is the real business of the court? Is it merely the trial of as many cases as possible, in a short period of time, regardless of the fact as to whether they be properly and

fairly tried; or is it the more efficient administration of justice? If it is the latter, then the statute may be interpreted as if it read: " to facilitate the efficient administration of justice," and the President-Justice was justified in incorporating in his order that the transfer was made " to effect the proper and efficient administration of justice as well as to otherwise facilitate the transaction of the business of the court." It is my belief that the spirit of the times demands that the courts should be permitted to tear the bandage from the eyes of justice that she may no longer be considered blind, but enabled to step forth bright-eyed and radiant, the sword of righteousness uplifted in her hand prepared to smite her enemies and cleanse her temple.

It must necessarily follow, therefore, that even if I should find as a fact within my knowledge, as requested by the counsel for the tenant, that the real reason for the order of the President-Justice was because in his opinion there were too many demands being made for jury trials in the Fifth District, Municipal Court, on the part of plaintiffs, that the verdicts of the juries were excessive, that the juries were unduly influenced in favor of the plaintiffs, and that the general sentiment of the community being in favor of large verdicts for plaintiffs in negligence cases, the defendants were precluded from receiving a fair trial, it would still be of no avail to the tenant in view of my decision that the President-Justice, under the terms of the statute as properly interpreted, has the power to transfer the jury cases from the Fifth District, Municipal Court to the Fourth District, Municipal Court, for these very reasons, provided it tends, in his opinion, toward the efficient administration of justice, and to facilitate the transaction of the business of the court.

The defendant tenant next objects to the provision of the order of the President-Justice which provides that the justice assigned to the Fifth District, Municipal Court, shall sit in the Fourth District, Municipal Court, at the trial of these jury cases transferred by his order. He argues that this leaves the Fifth District Court not only without a jury but without a justice, which is, of course, in contravention of the law. The difficulty with the defendant's position is that it does not necessarily follow that because a justice assigned to the Fifth District is assigned to the Fourth District to try this particular group of cases that the Fifth District Court is to be left without a justice. The President-Justice may have in mind to assign some other justice from some other district to the Fifth District.

As to the objection of the tenant that the trial must be held in the Fifth District, Queens, for the reason that this is a summary

proceeding and the property is located in that district, a more serious question is raised. Section 1413 of the Civil Practice Act provides that "application for the removal of a person from real property, as prescribed in this article, may be made * * * in the city of New York to the municipal court of the municipal court district in which the real property or a portion thereof is situated, or, if the justice sitting therein is disqualified, to the municipal court in an adjoining district. Except as provided in this section, such jurisdiction shall only be exercised by a court or officer of the * * * municipal court district in which the real property or a portion thereof is situated." It will be noted that even this section provides that if the justice sitting therein is disqualified, the proceeding may be brought in a municipal court of an adjoining district.

Assuming that the landlord in this case had reason to believe and was prepared to submit proof by affidavit that he could not obtain a fair trial in the Fifth District for the reason that the juries in that district were prejudiced against landlords and that the feeling of the community was aroused against the landlords, can it be said that a justice of the court could not change the venue of the action to another district where a fair trial might be had?

The rule is that the practice in the Municipal Court must be made to conform as nearly as possible to the practice in the Supreme Court. Section 187 of the Civil Practice Act provides that "the court, by order, may change the place of trial of an action in the Supreme Court in either of the following cases: * * * 2. Where there is reason to believe that an impartial trial cannot be had in the proper county." Also section 17 of the Municipal Court Code, subdivision 1, in part provides that "an action * * * to recover the possession of real property, must be brought in a district where the premises or property is located." This language is modified by subdivision 5 of the same section which is as follows: "Nothing in this section shall be construed to prevent the president justice from * * * transferring such cases from one district to another in the same borough." Section 7, subdivision 5, of the Municipal Court Code is as follows: "The power of the president justice to assign cases from one district to another in the same borough or to a central court house therein shall not apply (except in cases where he determines that an emergency exists) to the following cases: (b): Summary proceedings affecting real estate situated within the district in which such summary proceedings are pending, *and in which a jury trial shall not have been demanded by either party.*" This would appear to indicate that the President-Justice might transfer summary proceedings in any case in the event that he determines that an emergency exists or where a jury trial has been demanded by one of the parties.

Reading all these sections together, they seem to harmonize with section 1413 of the Civil Practice Act. The intent of the Legislature is clear — that the court in the district in which the property is situated shall have sole jurisdiction of the action, but that the summary proceeding may be transferred from such district for trial nevertheless, if a fair trial may not be had therein, if a jury trial has been demanded by either party, or if the President-Justice is of the opinion and determines that an emergency exists.

Nor is the case of *Grady* v. *Selden Truck Corporation* (133 Misc. 97, at p. 99) an authority for the proposition stated by tenant's learned counsel. On page 99 of his opinion Justice MacCrate used the following language: " Section 7 of the Municipal Court Code has been almost wholly recast, so as to grant wide power to transfer cases within each borough to the president justice. Nevertheless, in the absence of an emergency, the president justice has no power to transfer certain cases where a jury trial has not been demanded." In the instant case the President-Justice has found that an emergency exists and, in addition thereto, a jury trial has been demanded. Mr. Justice MacCrate very properly found that the President-Justice had no power to transfer an action from one district to another district in the same borough or in another borough because the action was not begun in the district specified by the first subdivision of section 17, but he very strongly intimates that even in a case where a jury is not demanded, the President-Justice may transfer in case he determines that an emergency exists. Certainly where a jury has been demanded a transfer may be made if for any reason it appears that a fair trial cannot be had by a jury of the vicinage.

I find no merit in the objection of the tenant wherein he states that the order of the President-Justice is oppressive, arbitrary and unreasonable. If the President-Justice had jurisdiction to make the order under the terms of the statute, as we have already found, then neither this court nor anyone else can go behind the order unless evidence be presented showing facts to indicate that the order was not made in good faith. There are no facts presented before me, by affidavit or otherwise, to contradict the statement contained in the order itself — that it was made for the purpose of " effecting the prompt and efficient administration of justice and to otherwise facilitate the transaction of the business of the court." Both these purposes I have already found to be within the terms and meaning of the statute, as the real business of the court is the efficient administration of justice.

It is difficult to see the merit in the objection of the tenant to the effect that subdivision 3 of section 7 of the Municipal Court

Act is unconstitutional. Article 3, section 18, of the Constitution, referred to by the tenant, merely provides that " The Legislature shall not pass a private or local bill in any of the following cases: * * * Selecting, drawing, summoning or empaneling grand or petit jurors." The provisions of subdivision 3, section 7 of the Municipal Court Act certainly do not apply in any wise to the subject of the selecting, drawing, summoning or empaneling of grand or petit jurors. The case of *People* v. *Petrea* (92 N. Y. 128), cited by defendant tenant, consequently has no bearing upon the issues before the court. This decision only holds that a local bill passed in regard to the selection and drawing of jurors in the city and county of Albany was unconstitutional.

A more serious question to the mind of the court than any raised by the tenant is as to whether or not I, as a justice of the Municipal Court, have the right in any event to pass upon the acts of the President-Justice of this court. It is urged that in making the order complained of the President-Justice acted in a purely administrative capacity and that, therefore, this court has the right to determine as to whether his acts are valid or not as it would have the right to pass upon the acts of any other administrative officer. But how can the President-Justice, even assuming that he is an administrative officer, divorce himself from the fact that he is also and at the same time a justice of the Municipal Court? Assuming that in making the order of transfer he acted as an administrative officer, did he not also of necessity act in part as a judicial officer when he determined that he had the right, as a matter of law, to make the transfer? If he did act as a judicial officer, then certainly it is not for an associate justice of the Municipal Court to pass upon his acts.

Upon all these considerations, I feel that the motion to transfer the proceeding to the Fifth District Municipal Court should be denied. The proceeding will be set for trial at the Fourth District Court on the 29th day of August, 1934, and the clerk will be directed to call a jury for that day.

In view of the importance of the issues involved, if the tenant desires to apply to me for leave to appeal from the order to be entered herein denying the motion to transfer the proceeding from the Fourth District, Queens, to the Fifth District, Queens, such leave to appeal will be granted.