JEREMIAH GRIFFIN, Respondent, v. CLARENCE BERGH and EDMUND ARDIZONA, Appellants, and ALLISON SILVERNAIL, Defendant.— This is an appeal by the defendants Clarence Bergh and Edmund Ardizona from an order setting aside a verdict of no cause of action in favor of the above named-defendants and appellants and against the above-named plaintiff-respondent. The action was brought by the plaintiff-respondent against the defendants-appellants and Allison Silvernail. The action was tried at the Trial Term in Albany county commencing April 14, 1941, before a judge of the Supreme Court and a jury. At the time of the start of the trial, the attorney for defendant Silvernail stated to the court that he was unable to find his client and the court told him to proceed with the trial. The attorney for the defendants-appellants stated to the court that he could not be ready with his defense before Monday. The trial proceeded and witnesses were called by the plaintiff and were cross-examined by the attorneys for both defendants. At the close, motions for dismissal of the complaint and a judgment, on the ground that plaintiff had failed to make out a cause of action, were made by

both defendants, which motions were denied and exceptions duly taken. Adjournment was taken to Monday, April twenty-first, at which time one of the defendants-appellants was sworn as a witness and was cross-examined by the attorney for the defendant Silvernail and by the plaintiff-respondent's attorney, and the case was rested. Motions were again made, as at the end of plaintiff's case, which were denied and the matter was submitted to the jury and the jury returned a verdict of no cause of action in favor of defendants-appellants, and a verdict of $4,000 against defendant Silvernail. A newspaper account of the trial appeared in the paper on Monday. On Tuesday morning defendant Silvernail appeared at the office of his counsel and stated that he had been inducted into the army on the twenty-first and was on his way then to Camp Upton and he asked that his counsel take steps to protect his interests. Plaintiff's attorney procured an order to show cause before the trial justice of the Trial Term which was still in session, why the verdict rendered on the twenty-first day of April should not be set aside on the ground that the defendant Silvernail was a member of the armed forces of the United States, and upon all the grounds of section 549 of the Civil Practice Act. Upon the return of this order to show cause, the attorney for defendant Silvernail made a motion to set aside the verdict on the grounds mentioned in section 549 and on the ground that the defendant Silvernail was in the United States Army. The plaintiff consented to the motion of the defendant Silvernail. The attorney for the defendants-appellants refused to and objected to the motion being made under section 549 of the Civil Practice Act on the ground that the motion could not be made and that the motion had already been determined. The court granted the motions, in the interests of justice, to set aside the verdicts and for a new trial. The court had authority to do that under the following cases: *Matthews* v. *Herdtfelder* (60 Hun, 521, 522) and *Prudential Paper Co.* v. *Ashland Press, Inc.* (231 App. Div. 515). Order affirmed, with ten dollars costs and disbursements. Crapser, Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents, and votes to reverse the order appealed from.